# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANN RYALS AND LORI PIERSOL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No. 08-CV-91-JHP-FHM |
| | ) |
| STATE FARM AND CASUALTY COMPANY, | ) |
| a foreign insurance company, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Now before the Court is the defendant, State Farm and Casualty Company's ("State Farm"), Motion for Summary Judgment, the plaintiffs', Joann Ryals' ("Ryals") and Lori Piersol's ("Piersol"), Response and State Farm's Reply to said motion. This action arises out of a claim for insurance proceeds which State Farm insureds, Ryals and Piersol, made after experiencing a loss which arose out of an alleged theft at the insured premises on April 24, 2004.

After a two month investigation by State Farm, the claim culminated in the insureds submitting to an Examination Under Oath on June 1, 2004. Among other issues, State Farm questioned Plaintiffs' ability to purchase items of personal property submitted in Plaintiffs' claim. Attorney Eileen Morris ("Morris") began with the examination of Piersol, but after a break in the examination, Ryals was sworn in. Morris noted for the record that during the break they discussed some of the problems State Farm had with the claim and the reasons the claim

had been referred for examination. Morris advised both Plaintiffs they were entitled to obtain legal representation to assist with the claim. Both acknowledged on the record they did not want to retain counsel. After Plaintiffs were left alone to discuss the situation, they advised on the record they wished to withdraw their claim.

Plaintiffs set forth a slightly different version of the facts. Generally, Plaintiffs agree they withdrew their claim, but only after they were threatened and intimidated to do so by Morris. Plaintiffs contend State Farm breached the insurance contract in existence between the parties by virtue of Defendant's failure to act in good faith and fair dealing in processing Plaintiffs' theft loss insurance claim.

State Farm argues in the instant motion that Plaintiffs' claim is barred by the statute of limitations. Plaintiffs contend State Farm's fraudulent conduct acts to toll any applicable statute of limitations.

## **DISCUSSION**

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing

summary judgment. *Mickelson v. New York Life Ins. Co., 460 F.3d 1304, 1310 (10th Cir. 2006).* Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).* In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett, 477 U.S. 317,323-24 (1986).* The nonmovant, however, must still identify sufficient evidence requiring submission to the jury to survive summary judgment. *Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007).*

Both parties agree the applicable statute of limitations is two years. The Court finds this is a correct interpretation of Oklahoma law. See Okla. Stat. tit. 12, §95; Wagnon v. State Farm Fire and Casualty Co., 951 P.2d 641 (Okla. 1998); Gray v. Holman, 909 P.2d 776 (Okla. 1995)(2-year statute of limitations on bad faith claim); Burwell v. Mid-Century Ins. Co., 142 P.3d 1005, 1008 (Okla. Civ. App. 2006).   Plaintiffs' breach of contract claim arose on April 24, 2004, when their personal property was allegedly stolen. Plaintiffs withdrew their claim from State Farm on June 1, 2004  — when they contend threats were made to them during the Examination Under Oath. Plaintiffs originally filed suit on July 5, 2006 ---- more than two years after either event. Therefore, Plaintiffs' breach of contract claim and bad faith claims fail as a matter of law, as being outside the statutory limitations period.

Plaintiffs' argument that the statutory time period is tolled due to the alleged intimidation

and duress by State Farm's attorney is without merit.[1]  "Oklahoma courts apply the so-called "discovery rule" to determine when the two-year statute of limitations accrues." Erikson v. Farmers Group, Inc., 2005 WL 2651312 (C.A. 10 (Okla. 2005)) citing Smith v. Baptist Found. of Okla., 50 P.3d 1132, 1137 (2002).  The discovery rule provides that "the limitations period does not begin to run until the date the plaintiff knew or should have known of the injury." The Samuel Roberts Noble Found., Inc. v. Vick, 840 P.2d 619, 624 (Okla. 1992).  Even under the discovery rule, however, a plaintiff is required to pursue claims with diligence. Daugherty v. Farmers Coop. Ass'n, 689 P.2d 947, 951 (Okla. 1984).

The statute of limitations is not tolled simply because a plaintiff "negligently refrain[s] from prosecuting inquiries plainly suggested by the facts." Id.  Accordingly, a plaintiff is charged with having knowledge of those facts which ought to have been discoverable in the exercise of reasonable diligence. Id.  Basically, Plaintiffs argue they could not have known State Farm's conduct amounted to a legal cause of action and therefore the statute of limitations is tolled.  "The discovery rule, as interpreted by the Oklahoma Supreme Court and [the Tenth Circuit Court of Appeals], tolls the limitation period only until a plaintiff learns of an injury and, through prudent investigation, can obtain sufficient facts to state a cause of action." Erikson v. Farmers Group, Inc., 2005 WL 2651312 at *4.  "It is irrelevant whether the plaintiff understood that the defendant's actions constituted a [legal cause of action] as long as the plaintiff knew of the facts which could give rise to such a claim." Chasteen v. UNISIA JECS Corp., 216 F.3d 1212, 1217 (10th Cir. 2000).

---

[1] The Court notes the equitable tolling argument is first raised in Plaintiffs' Response to Summary Judgment.

In the instant case, Plaintiffs were aware of State Farm's alleged intimidation June 1, 2004. It is irrelevant they did not have realize such conduct may have supported a breach of contract and/or bad faith claim. Plaintiffs causes of action are therefore barred as a matter of law, and State Farm is entitled to a dismissal of all causes of action.

Accordingly, Defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED this 7th day of October, 2008.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma